UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY GORDON,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>PAUL A. DELUCCHI, et al.,<br><br>　　　　　　Defendants. | Case No. 24-cv-03267-JSW<br><br>**ORDER OF PARTIAL DISMISSAL WITH LEAVE TO AMEND** |

## INTRODUCTION

Plaintiff, an inmate in Alameda County Jail proceeding pro se, filed this civil rights case under 42 U.S.C. § 1983 against a state court judge, his defense attorney, and two deputies working at the jail. He is granted leave to proceed in forma pauperis in a separate order. For the reasons discussed below, the complaint is DISMISSED with leave to amend.

## ANALYSIS

**A.   STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon

which it rests.'"" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.   LEGAL CLAIMS**

1. Claim One

Plaintiff alleges on November 29, 2023, unnamed deputies required him to go to court while he was on quarantine and recovering from spinal surgery.[1] Where the inmate-patient is a pretrial detainee rather than a convicted prisoner, his rights derive from the Fourteenth Amendment's Due Process Clause rather than the Eighth Amendment's Cruel and Unusual Punishments Clause. *See Gibson v. County of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002) (citing *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). That is, deliberate indifference to a pretrial detainee's serious medical needs violates the Fourteenth Amendment's Due Process Clause. Although a deliberate indifference test applies to a pretrial detainee's claim, it is an objective deliberate indifference test, rather than the subjective deliberate indifference test applicable to a prisoner's claim. *See Gordon v. County of Orange*, 888 F.3d 1118, 1122 & n.4 (9th Cir. 2018). There are no facts alleged that plausibly show how being required go to court exacerbated, endangered, or otherwise disregarded his medical needs related to being on quarantine or recovering from spinal surgery. In addition, Plaintiff does not name the individuals who required

---

[1] Correspondence attached to his complaint indicates that Plaintiff refused to attend pretrial and trial proceedings on multiple occasions.

2

him to go.  For these two reasons, this claim is not cognizable.

    2. Claim Two

Plaintiff alleges that in transporting Plaintiff to the courthouse, a deputy and a sergeant in the Alameda County Sherriff's Department forced him out of his wheelchair and onto the floor, where they handcuffed his wrists and ankles.  He alleges this caused him "a lot of physical pain and suffering."  He complained to a nearby nurse and asked her to stop them from hurting him.

The Due Process Clause of the Fourteenth Amendment protects a post-arraignment pretrial detainee from the use of excessive force that amounts to punishment.  *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989) (citing *Bell v. Wolfish*, 441 U.S. 520, 535-39 (1979)).  To prove an excessive force claim under § 1983, a pretrial detainee must show only that the "force purposely or knowingly used against him was objectively unreasonable."  *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015).  A non-exhaustive list of considerations that may bear on the reasonableness of the force used include "the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting."  *Id.*  Plaintiff alleges no facts regarding the need (if any) to use force, the extent of injury (if any), efforts (if any) by the officers, threats (if any) reasonably perceived by the officers, whether he was resisting, or other factors that may indicate excessive force.  Absent such allegations, he has not alleged a plausible claim that these officers violated his constitutional rights by using excessive force.  In addition, Plaintiff does not provide the names of these officers, which he must do in order to sue them and have the Marshal serve them.  For these reasons, claim two does not state a cognizable claim for relief.

    3. Claim Three

The allegations in Plaintiff's third claim consist of a narrative of a series of events at the courthouse, him being forced into a conference room by unnamed officers, a court proceeding held in his absence, and various grievances filed by Plaintiff.   It is not clear from these allegations what claim he is trying to make.  The only allegations relating to named defendants are that Defendant Judge DeLucchi and his criminal defense attorney Defendant David Bryden held a

"court proceeding" in a "confidential attorneys booth" in Plaintiff's absence at which they set trial and pretrial dates, and Plaintiff asserts this "interfered with my confidential relationship between me and this attorney [Bryden]." There are no facts alleged that if true, plausibly explain how holding such a conference violated Plaintiff's attorney-client confidentiality or privilege. Plaintiff also does not allege how any such violation adversely affected his defense or otherwise impacted him.

### 4. Claim Four

In his fourth claim, Plaintiff alleges an unnamed deputy "assaulted" him while Plaintiff was on a bus hydraulic lift for transportation from the courthouse. None of the named Defendants are alleged to be involved in this assault, nor does Plaintiff allege any facts regarding the circumstances of this incident, such as the amount of force used, injuries sustained, or other factors that, if true, would indicate the use of force was in fact an "assault" (as opposed to an accident) or excessive under the Due Process Clause. Consequently, this is not a cognizable claim for relief.

### 5. Claim Five

Plaintiff alleges that approximately four months later, in March 2024, while he was waiting outside the jail's medical clinic, Defendant Deputy Arnold forced him out of his wheelchair and onto the ground to handcuff his wrists and ankles "for no reason." While he was on the ground, Arnold put his knee on Plaintiff's back and pushed his head to the ground. When liberally construed, these allegations state a cognizable claim for the use of excessive force by Deputy Arnold.

### 6. Claim Six

Plaintiff claims Defendant Deputy Hewison retaliated against him on March 11, 2024. He alleges Hewison told him that a court order required him to transport Plaintiff to court. Hewison allegedly did not allow Plaintiff to see the order in its entirety. Plaintiff alleges he had seen doctors who concluded he should remain in his cell due to his pain, but Hewison insisted and told Plaintiff that if he did not comply, "we can handle it like we did last time." Plaintiff complied and was transported to court. retaliated against him.

"Within the [jail] context, a viable claim of First Amendment retaliation entails five basic

4

elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that [inmate]'s protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).

The Court is aware of not authority that Plaintiff had a First Amendment right to not follow a court order to go to court. Consequently, the allegedly retaliatory conduct –- transporting him to court pursuant to such an order and against the medical opinion of examining doctors –- was not for Plaintiff's exercise of his First Amendment rights, an essential element of a cognizable First Amendment claim. Plaintiff does not state a cognizable retaliation claim.

## CONCLUSION

For the reasons set out above,

1. With the exception of claim five, described above, the claims are DISMISSED with leave to amend.

2. Plaintiff may file an amended complaint **on or before August 13, 2024.** The amended complaint **must** include the caption and civil case number used in this order (No. C 24-3267 JSW (PR)) and the words "COURT-ORDERED FIRST AMENDED COMPLAINT" on the first page. Because an amended complaint completely replaces the original complaint, *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), Plaintiff may not incorporate material from the original by reference; he must include in his amended complaint all the claims he wishes to pursue. <u>Failure to amend within the designated time and in accordance with this order, including curing the deficiencies in the claims described above, will result in the dismissal of Plaintiff's claims except claim five.</u>

3. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." She also must comply with the Court's orders in a timely fashion, although she may request an extension of time provided it is accompanied by a showing of good cause and it is filed on or before the deadline he wants to extend. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: July 15, 2024

_____
JEFFREY S. WHITE
United States District Judge

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If Defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in Defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.