UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY GORDON,<br><br>          Plaintiff,<br><br>    v.<br><br>PAUL A. DELUCCHI, et al.,<br><br>          Defendants. | Case No. 24-cv-03267-JSW<br><br>**ORDER OF DISMISSAL** |

## INTRODUCTION

Plaintiff, an inmate in Alameda County Jail proceeding pro se, filed this civil rights case under 42 U.S.C. § 1983 against a state court judge, his defense attorney, and two deputies working at the jail. He is granted leave to proceed in forma pauperis in a separate order. For the reasons discussed below, the complaint is DISMISSED with leave to amend.

## ANALYSIS

**A.  STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon

1   which it rests.'"" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted).  Although
2   in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's
3   obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and
4   conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .
5   Factual allegations must be enough to raise a right to relief above the speculative level." *Bell*
6   *Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A complaint
7   must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.
8       To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1)
9   that a right secured by the Constitution or laws of the United States was violated, and (2) that the
10  alleged deprivation was committed by a person acting under the color of state law.  *West v. Atkins*,
11  487 U.S. 42, 48 (1988).

**B.   LEGAL CLAIMS**

    1.   <u>Claim One</u>

Plaintiff's first claim was dismissed because he did not allege facts "that plausibly show how being required go to court exacerbated, endangered, or otherwise disregarded his medical needs related to being on quarantine or recovering from spinal surgery.  In addition, Plaintiff does not name the individuals who required him to go."

The amended complaint alleges two unnamed deputies escorted Plaintiff to court while he was housed in a quarantined area of the jail in which a consent decree and public health officials required inmates have "no visits or yard time" and be separated from other inmates with a different color-coded designation.  The amended complaint fails to allege, however, how being escorted to court by two deputies violated any of these requirements.  He also fails to name the responsible deputies.  As Plaintiff has failed to correct the deficiencies in this claim, it will be dismissed without further leave to amend.

    2. <u>Claim Two</u>

Plaintiff's second claim was dismissed because he did not allege "facts regarding the need (if any) to use force, the extent of injury (if any), efforts (if any) by the officers [to limit their use of force], threats (if any) reasonably perceived by the officers, whether he was resisting, or other

2

factors that may indicate" the force they used was excessive under the Fourteenth Amendment. Plaintiff also failed to name the responsible deputies.

The amended complaint alleges on the way to court he experienced severe pain and asked to go to the medical clinic, and two unnamed deputies forced him out of his wheelchair and onto the floor, where they handcuffed his wrists and ankles, "put pressure on [his] body, and twist[ed him] around."  He still has not alleged facts regarding his cooperation or lack thereof and any corresponding need (if any) to use force, whether the deputies made any effort to temper their use of force, whether the deputies had any reasonable grounds to perceive a threat, or whether he resisted their reasonable orders.[1]  Consequently, Plaintiff has not cured the deficiencies in this claim, and it will be dismissed without further leave to amend.

3. Claim Three

Plaintiff's third claim was dismissed because his allegations that Defendant Judge DeLucchi and criminal defense attorney Defendant David Bryden held a "court proceeding" in a "confidential attorneys booth" in Plaintiff's absence at which they set trial and pretrial dates did not state a plausible claim for the violation of his rights or his "attorney-client confidentiality or privilege," or allege " how any such violation adversely affected his defense or otherwise impacted him."

The amended complaint alleges Defendant Judge DeLucchi made various improper rulings in his criminal case, including forcing Plaintiff to "go to trial without his consent."  Judge DeLucchi is absolutely immune from civil liability for damages for such acts performed in his judicial capacity.  *See Pierson v. Ray*, 386 U.S. 547, 553-55 (1967) (applying judicial immunity to actions under 42 U.S.C. § 1983).

He alleges his defense attorney, Defendant David Bryden, who appears to have been appointed after his public defender removed himself, "was on the judge side" and saw him "stressfully experiencing pain."  Plaintiff does not allege what Bryden did to ally himself with Judge DeLucchi, what Bryden could have done to alleviate his pain, or any other facts that support

---

[1] Plaintiff named the deputies allegedly involved in this claim in a supplemental filing to his amended complaint (ECF No. 13).

3

1   a reasonable inference that Bryden violated his constitutional rights. Consequently, he has not
2   stated a cognizable claim against Bryden.
3       Plaintiff also names Deputy Cabello and an unnamed Sergeant as Defendants. He alleges
4   he "experience[d] pain from these officers." He alleges no facts describing how they caused him
5   pain, what actions they took, or any circumstances regarding the kind or causes of his pain. Thus,
6   his amended complaint does not support a reasonable inference that they used excessive force
7   upon him or otherwise violated his constitutional rights.
8       As this claim continues to fail to state a cognizable claim for relief, it will be dismissed
9   without further leave to amend.
10      4. <u>Claim Four</u>
11      Plaintiff's fourth claim was dismissed because his allegation that an unnamed deputy
12  "assaulted" him he was on a bus hydraulic lift was unaccompanied by any alleged "facts regarding
13  the circumstances of this incident, such as the amount of force used, injuries sustained, or other
14  factors that, if true, would indicate the use of force was in fact an "assault" (as opposed to an
15  accident) or excessive under the Due Process Clause."
16      In his amended complaint, Plaintiff alleges the unnamed deputy squeezed his bicep
17  "causing a lot of pain and bruises." Plaintiff alleges no other facts regarding the circumstances of
18  the use of force, precluding any reasonable inference that it was unreasonable or otherwise
19  excessive under the circumstances. Plaintiff names another jail official ("Aaron"), but only makes
20  the conclusory allegation regarding this official that he is liable because of his "failure to train."
21  Consequently, he has not stated a plausible claim for the violation of his constitutional rights by
22  either the unnamed deputy or the named jail official.
23      5. <u>Claim Five</u>
24      The Court found this claim in the original complaint, when liberally construed, cognizable.
25  He alleged in March 2024, while he was waiting outside the jail's medical clinic, Defendant
26  Deputy Arnold forced him out of his wheelchair and onto the ground to handcuff his wrists and
27  ankles "for no reason." While he was on the ground, Arnold put his knee on Plaintiff's back and
28  pushed his head to the ground.

4

In the order of dismissal with leave to amend, Plaintiff was instructed that if he filed an amended complaint, this claim would not proceed unless he re-alleged the facts against Deputy Arnold. The Court instructed Plaintiff, "Because an amended complaint completely replaces the original complaint, *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), Plaintiff may not incorporate material from the original by reference; he must include in his amended complaint all the claims he wishes to pursue." In the amended complaint, Plaintiff's claim five does not allege any facts against Deputy Arnold, as he was instructed to do if he wanted to continue to pursue this claim against Arnold. Because the amended complaint completely replaces the original complaint under *Ferdik*, and it sets forth no allegations and does not assert a claim against Deputy Arnold, the claim against Arnold is dismissed.

Claim five in the amended complaint simply alleges an unnamed Sergeant "was pulling me and applying a lot of press[ure] on my back," and unnamed supervisory officials failed "to properly train or supervise this assault." As to the Sergeant, the amended complaint alleges no facts regarding the circumstances of the use of force, such as the need for any force, any resistance by Plaintiff, any injuries or pain caused, or other facts supporting a reasonable inference that it was excessive. As to the supervisory officials, Plaintiff does not name or identify any supervisors or allege any facts describing specific actions or omissions by them in their alleged inadequate training or supervision, who they supervised or trained, or how any failures in their training or supervision led to the use of excessive force on Plaintiff on any specific occasion. Consequently, his allegations of the failure to train and supervise are simply conclusory. For these reasons, the amended complaint does not state a plausible claim against any Defendant for violating his constitutional rights.

6. <u>Claim Six</u>

This claim was dismissed because "the allegedly retaliatory conduct [by Defendant Hewison] — transporting him to court pursuant to [a court] order and against the medical opinion of examining doctors — was not for Plaintiff's exercise of his First Amendment rights, an essential element of a cognizable First Amendment claim."

In the amended complaint, Plaintiff alleges he refused to attend a court-ordered hearing

5

because of his "severe pain" and "mobility hardship," as well as "his legal issues" with his defense attorney. Plaintiff has not cured the deficiency in this claim because he again alleges Hewison retaliated against him for refusing to attend a court hearing, which refusal is not a protected exercise of his First Amendment rights. Consequently, Plaintiff has failed to cure the deficiency I this claim and it does not state a cognizable claim for relief.

## CONCLUSION

For the reasons set out above, this case is DISMISSED for failure to state a cognizable claim for relief. The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: November 6, 2024

JEFFREY S. WHITE
United States District Judge